UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2076 JCH |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Michael Wayne Berry's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On May 31, 2005, Petitioner plead guilty to one count of involuntary manslaughter and one count of assault in the second degree. Petitioner was sentenced as a prior and persistent offender to fifteen years imprisonment for involuntary manslaughter, and five years imprisonment for assault in the second degree, said sentences to run consecutively. Petitioner did not appeal his convictions or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied after an evidentiary hearing. (Resp. Exhs. C, F). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Berry v. State, 214 S.W.3d 413 (Mo. App. 2007).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following three claims for relief:

 (1) That Petitioner received ineffective assistance of counsel, in that trial counsel acted under an actual conflict of interest, gave information regarding

>     Petitioner's defense to the prosecuting attorney, and worked against
>     Petitioner instead of for him;
>
> (2) That Petitioner received ineffective assistance of counsel, in that trial counsel
>     failed to call Petitioner to testify at the hearing on his motion to suppress; and
>
> (3) That Petitioner received ineffective assistance of counsel, in that trial counsel
>     failed to investigate Petitioner's alleged incompetency, and failed to
>     investigate Charlotte and Amy Berry as potential witnesses.

The Court will address the claims in turn.

## DISCUSSION

**A.** **Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel acted under an actual conflict of interest, gave information regarding Petitioner's defense to the prosecuting attorney, and worked against Petitioner instead of for him. (§ 2254 Petition, PP. 31-32). Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

> 3. At the time of Movant's[1] guilty plea, the trial court established through questioning that the Movant was 26 years old (T. 3), with a GED education (T. 3), who could read and write (T. 3), who had not had any illegal drugs or alcohol in the last 40 hours (T. 3) and who was taking his prescription medications only in the prescribed doses and not at any levels that impaired his ability to understand what was going on (T. 3). Movant wanted to waive his right to trial and plead guilty (T. 4-8). The range of punishment for the offenses was explained to him. (T. 4-8) In his verbal plea to the court, he made a factual basis for the offense, specifically admitting under oath that he operated a motor vehicle while under the influence of methamphetamine (T. 13, 14) and with criminal negligence by speeding and passing in a no passing zone around a blind curve (T. 11-15), causing a collision with another vehicle, resulting in the death of Rebecca Larkin and serious injuries to her husband, Darren Larkin. (T. 11-15)....When asked whether he was satisfied with the negotiated plea agreement, Movant acknowledged he was satisfied with it. (T. 10) He said there was nothing he had asked [his attorney] Jason Tilley to do that had not been done. (T. 11) He specifically acknowledged that Jason Tilley had "investigated the facts of this case" to Movant's satisfaction. (T. 10)....

---

[1] Petitioner is referred to as "Movant" and "Defendant" by the post-conviction motion court.

6. In order to prevail upon a claim of ineffective assistance of counsel, Movant shoulders a heavy burden to establish two facts: (1) First, that his attorney's performance was deficient; and (2) Second, that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption of competency exists, which Movant has a heavy burden of overcoming. *Risalvato v. State*, 856 S.W.2d 370, 373 (Mo. App. W.D. 1993).

7. After a plea of guilty, the effectiveness of counsel is relevant only to the extent it prevented a guilty plea from being knowingly and voluntarily made. *Moore v. State*, 853 S.W.2d 378, 380 (Mo. App. S.D. 1993); *Whaley v. State*, 833 S.W.2d 441 (Mo. App. S.D. 1992). A plea of ineffectiveness of counsel in representation during a guilty plea is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Risalvato v. State*, 856 S.W.2d 370, 373 (Mo. App. W.D. 1993). To establish ineffective assistance of counsel in the context of a guilty plea, the defendant must not only show a serious dereliction of duty that materially affected his substantial rights, but must further show that his guilty plea was not an intelligent nor knowing act. *Risalvato v. State, supra* at 374; *Whaley v. State, supra* at 444.

8. It is significant in this case that at the time of his plea, Movant specifically told the court he was satisfied with the services of Jason Tilley. (T. 10-11). He expressed both satisfaction with the negotiated plea agreement (T. 10) and satisfaction with the investigation of the case by Tilley. (T. 11) He acknowledged that there was nothing he had asked Tilley to do that had not been done. (T. 11) A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his attorney has done everything he requested is generally barred from later obtaining relief based on ineffective assistance of counsel. *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo. App. E.D. 1993).

9. Movant's claim that Jason Tilley had a conflict of interest rendering Movant's plea involuntary is refuted by the court files and the testimony of Jason Tilley at the hearing. Tilley testified that although he and his client had "friction" at times, they also had a "good relationship" at other times. He testified that in almost any case there are times when the defense attorney and his or her client will have disagreements, but that his relationship with Movant never became so acrimonious that it affected his representation of Movant. Tilley denied any "lack of interest" in Movant's case. He testified that he had fully prepared the case for trial and was ready to try it when the defendant decided to plead guilty. Tilley's testimony is fully believable. Contrary claims by the Movant are not.

(Resp. Exh. C, PP. 104-108). Petitioner advanced the claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

When we review a guilty plea under Rule 24.035(k), two more principles commonly apply:

First, a guilty plea "voluntarily and understandably made waives all non-jurisdictional defects and defenses." *Smith* [*v. State*, 972 S.W.2d 551, 556 (Mo. App. 1998)]. A guilty plea waives all errors-including ineffective assistance of counsel claims-that do not impair the knowing and voluntary nature of the plea. *Id.* at 553, 554, 556.

Second, a defendant who assures the court he is satisfied with counsel's performance, and that counsel did everything he asked, generally is barred from post-conviction relief based on ineffective assistance of counsel. *Id.* at 555.

With these principles in mind, we consider excerpts from Movant's guilty plea.

**Guilty Plea Excerpts**

Q. (By The Court) Mr. Berry, you're aware that you're charged with a Class C felony of involuntary manslaughter and a Class C felony of assault in the second degree?
A. Yes, sir.
Q. Is it your intention to plead guilty to those charges?
A. Yes, sir.
....
Q. Has anybody promised you anything other than the plea agreement in this case in order to get you to plead guilty?
A. No, sir.
Q. Has anybody threatened you or anybody you care about in order to get you to plead guilty?
A. No, sir.
Q. Has anybody told you that any fact or circumstance connected with this plea is secret and you're not supposed to share it with me?
A. No, sir.
....
Q. Are you satisfied with the services of your attorney?
A. Yes, sir.
Q. Has Mr. Tilley investigated the facts of this case to your satisfaction?
A. Yes.
Q. Has he negotiated this plea to your satisfaction?
A. Yes.
Q. Is there anything you've asked him to do that he has not done that he needed to do?
A. Huh-uh.
Q. Is that a no?
A. No.

Movant also signed and tendered his written petition to enter a guilty plea; told the court under oath that everything in it was true; and stated therein he was satisfied with the advice and help of his attorney, who "has done all that anyone could do to counsel and assist me," and he was pleading guilty "freely and voluntarily and

of my own accord and with full understanding of all the matters set forth in the information and in this petition."

We have quoted only part of the guilty plea record, the whole of which firmly establishes that Movant's plea was knowing and voluntary. Movant thus waived all non-jurisdictional defects, defenses, and errors, and is barred from post-conviction relief based on ineffective assistance of counsel. *Smith,* 972 S.W.2d at 553, 554, 556. With this background, we turn to Movant's three points on appeal.

**Point I**

Point I alleges Movant's attorney had an actual conflict of interest and irreconcilable differences with Movant, which caused him to pressure and ultimately coerce Movant into an unknowing, unintelligent, and involuntary plea. As in *Smith,* 972 S.W.2d at 556-57, the guilty plea and evidentiary hearing transcripts before us demonstrate no actual conflict of interest, nor that counsel did anything detrimental to Movant or to forego a beneficial defense. We could describe many reasons to deny this point, including the motion court's findings and conclusions supported by the record; counsel's credible testimony at the evidentiary hearing; or case law against Movant on various grounds. But to do so implies we deem the *preclusive* effect of guilty pleas and defendants' sworn assurances worthy of lip service only. *Smith* and countless decisions counsel otherwise. Movant waived these pre-existing claims by pleading guilty ( *Id.* at 556) and declaring on oath his full satisfaction with counsel's services. We need not dwell on other shortcomings. Point I fails.

(Resp. Exh. E, PP. 4-6).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for acting under a conflict of interest and working against Petitioner instead of for him, and for giving information regarding Petitioner's defense to the prosecuting attorney, the Court finds Petitioner fails both prongs of the Strickland test. First, the Court finds Petitioner fails to demonstrate his attorney's performance was constitutionally deficient; rather, in his Petition to Enter Plea of Guilty, Petitioner stated that his attorney had counseled and advised him on the nature of each charge and the applicable range of punishment, that his attorney had done all that anyone could to assist him, and that Petitioner was satisfied with his attorney's services. (Resp. Exh. C, PP. 18-20). Petitioner reiterated his satisfaction with his attorney's performance during his guilty plea proceeding. (Resp. Exh. D, PP. 207-208).

The Court further finds that with his claims in Ground 1, Petitioner cannot demonstrate the requisite prejudice. Specifically, the Court notes that during his guilty plea proceeding, Petitioner testified that he committed the acts underlying the charges of involuntary manslaughter and assault in the second degree, and that he was pleading guilty to those charges because he was guilty. (Resp. Exh. D, PP. 208-212).[2] In the instant petition, Petitioner offers no evidence tending to demonstrate that he was not guilty of the charges, or that absent his counsel's allegedly deficient performance, he would have proceeded to trial on the charges. This Court thus finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157.

**B.    Ground 2**

As stated above, in Ground 2 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Petitioner to testify at the hearing on his motion to suppress. (§ 2254 Petition, PP. 32-34). Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

> 8. It is significant in this case that at the time of his plea, Movant specifically told the court he was satisfied with the services of Jason Tilley. (T. 10-11). He expressed both satisfaction with the negotiated plea agreement (T. 10) and satisfaction with the investigation of the case by Tilley. (T. 11) He acknowledged that there was nothing he had asked Tilley to do that had not been done. (T. 11) A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his attorney has done everything he requested is generally barred from later obtaining relief based on ineffective assistance of counsel. *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo. App. E.D. 1993)....
>
> 10. Movant's claim that Jason Tilley was ineffective as a lawyer by failing to put Movant on the witness stand at the motion to suppress is refuted by the court file and the testimony of Jason Tilley. First, Movant's assertion during his testimony at the hearing in this manner that he insisted to Tilley that he be called as a witness is not credible. Second, it is clear that Movant's testimony could not possibly have aided

---

[2] The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

his case at the suppression hearing. The implied consent law provides that if a suspect is unconscious, blood and urine may be drawn on the theory that by operating a vehicle on the highways of the state, the unconscious person has consented to the drawing of the blood and urine. Section 577.033, RSMo. Movant now claims he wanted to testify at the suppression hearing that he was unconscious. In fact, he so testified at the hearing on this motion. That testimony would have destroyed any chance whatsoever of having the blood and urine test results suppressed. Movant clearly has shown no prejudice by not taking the stand in such a foolhardy kamikaze mission.

(Resp. Exh. C, PP. 107-108). Petitioner advanced the claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

**Point II**

Point II complains counsel did not call Movant to testify at a suppression hearing five months before Movant's guilty plea. Again we could write for pages rebutting this claim on the record and various legal grounds,[3] but we need not belabor our analysis. When Movant pleaded guilty and said he was satisfied with his representation, his complaint about the earlier motion hearing became water under the bridge. *See* Point I *supra.* Point II is denied.

(Resp. Exh. E, P. 6).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

---

[3] For example, it is difficult to prove prejudice from motion to suppress deficiencies, since such motions are interlocutory and do not conclusively determine the introduction of challenged evidence. *Kenney v. State,* 46 S.W.3d 123, 130 (Mo.App.2001). Further, Movant baldly claims the court misruled the suppression motion; a collateral attack not included in Point II and probably improper anyway. Next, the existence of allegedly inadmissible evidence is no basis to vacate a guilty plea voluntarily and understandingly made. *Smith,* 972 S.W.2d at 556. Moreover, counsel's advice whether to testify is a matter of trial strategy which, barring exceptional circumstances, is no ground for post-conviction relief. *State v. Dees,* 916 S.W.2d 287, 301 (Mo.App.1995). In any event, Movant's attorney denied he prohibited Movant from testifying, and the court did not believe Movant's claim that he insisted on doing so. Either alone defeats Point II. Finally, citing Section 577.033 of the implied consent law, the court noted that Movant's "foolhardy kamikaze" plan to testify that he was unconscious at the accident scene "would have destroyed any chance whatsoever of having the blood and urine test results suppressed." If there was no likelihood of a different result had Movant testified, there was no prejudice. *See Vogel v. State,* 31 S.W.3d 130, 146 (Mo.App.2000).

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. As stated above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for failing to call Petitioner to testify at the hearing on his motion to suppress, the Court finds Petitioner fails both prongs of the Strickland test. First, the Court finds Petitioner fails to demonstrate his attorney's performance was

- 9 -

constitutionally deficient; rather, in his Petition to Enter Plea of Guilty, Petitioner stated that his attorney had counseled and advised him on the nature of each charge and the applicable range of punishment, that his attorney had done all that anyone could to assist him, and that Petitioner was satisfied with his attorney's services. (Resp. Exh. C, PP. 18-20). Petitioner reiterated his satisfaction with his attorney's performance during his guilty plea proceeding. (Resp. Exh. D, PP. 207-208).

The Court further finds that with his claim in Ground 2, Petitioner cannot demonstrate the requisite prejudice. Specifically, the Court notes that during his guilty plea proceeding, Petitioner testified that he committed the acts underlying the charges of involuntary manslaughter and assault in the second degree, and that he was pleading guilty to those charges because he was guilty. (Resp. Exh. D, PP. 208-212).[4] In the instant petition, Petitioner offers no evidence tending to demonstrate that he was not guilty of the charges, or that absent his counsel's allegedly deficient performance, he would have proceeded to trial on the charges. This Court thus finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157.

**C.    Ground 3**

As stated above, in Ground 3 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate Petitioner's alleged incompetency, and failed to investigate Charlotte and Amy Berry as potential witnesses. (§ 2254 Petition, PP. 34-36). Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

> 8. It is significant in this case that at the time of his plea, Movant specifically told the court he was satisfied with the services of Jason Tilley. (T. 10-11). He expressed both satisfaction with the negotiated plea agreement (T. 10) and

---

[4] The Eighth Circuit has held that, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d at 157 (internal quotations and citation omitted).

- 10 -

satisfaction with the investigation of the case by Tilley. (T. 11) He acknowledged that there was nothing he had asked Tilley to do that had not been done. (T. 11) A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his attorney has done everything he requested is generally barred from later obtaining relief based on ineffective assistance of counsel. *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo. App. E.D. 1993)....

11. Movant's claim that Jason Tilley was ineffective for failing to investigate a possible defense provided by Dr. K.P.S. Kamath about his mental diagnosis of Movant is also refuted by the court file and the testimony of Jason Tilley. Dr. Kamath's mental report regarding Movant (Exhibit E attached to his motion) included a finding that Movant had an antisocial personality disorder. Under Chapter 552, an antisocial personality disorder by definition is not a mental condition providing a defense to a criminal charge. *See* Section 552.010, RSMo. Nothing in the record supports Movant's unsubstantiated claim that his various mental problems amounted to a level where he was unable to understand the charges against him and make a voluntary plea to them. In fact, the transcripts of his numerous appearances in court show someone who was very aware of what he was charged with and what he was doing. Jason Tilley was not ineffective for not requesting a formal mental evaluation under Chapter 552. Movant has fallen far short of meeting his burden of proof on this claim.

12. Likewise, the testimony offered at the hearing from Movant's mother about his alleged brain damage from the same automobile accident resulting in this prosecution showed that Jason Tilley was not ineffective for failing to use her as a witness. Her testimony added nothing to Movant's defense. Her testimony failed to show Movant currently suffers significant brain damage so as to prevent him from assisting his lawyer in his own defense. In fact, Movant's own testimony at the hearing refuted any claim that his brain damage, if any, prevents him from understanding the proceedings against him or assisting in his own defense. Although this court believes Movant was lying during much of his testimony, his demeanor, his tone of speech, his eloquence and his choice of words all belie any claim of significant brain damage.

13. Movant's claim that Jason Tilley was ineffective for failing to investigate Movant's wife, Amy Berry, as a possible witness is refuted by the court file and the testimony at the hearing. Generally, the entry of a guilty plea waives any future complaint about plea counsel's failure to investigate the case. *Townsend v. State*, 854 S.W.2d 496, 497 (Mo. App. E.D. 1993). Even if that were not the case, Movant has completely failed to show how producing Amy Berry as a witness could have helped any possible defense he might have had to the charges. The testimony she presented at the hearing on this matter was completely meaningless and unpersuasive in regard to the issues in the case. Nothing she said refuted the state's proof that the defendant was driving a motor vehicle while under the influence of methamphetamine and that he acted with criminal negligence to cause the death of one person and seriously injure two others. Dr. Christopher Long, the toxicologist who testified at Movant's

preliminary hearing, who was endorsed as a witness for the trial, testified at the preliminary hearing that the methamphetamine in Movant's blood tested at "217 nanograms per mill" (Preliminary Hearing Transcript, 89) and that this level would cause a person to be "impaired" and "intoxicated" by the methamphetamine. (Preliminary Hearing Transcript, 90-92) Movant contends Amy Berry's testimony would have suggested that Movant became intoxicated on methamphetamine through involuntary exposure to it while it was being used by Michael Howe. Her testimony fell far short of proving any such thing. Movant's testimony that he did not use methamphetamine at the time in question is completely unbelievable. This Court, having heard his [testimony], believes that he did in fact voluntarily ingest methamphetamine and that he was under the influence of it at the time of the car crash. Furthermore, it was legally irrelevant whether Movant's intoxication was voluntary or involuntary. Involuntary intoxication is not a defense to driving while intoxicated or involuntary manslaughter. Amy Berry's testimony at the hearing simply did not refute the state's proof of Movant's intoxication. Movant has failed to meet his burden of proof that by failing to secure her testimony as a witness, Jason Tilley caused prejudice to Movant in any way.

(Resp. Exh. C, PP. 107-111). Petitioner advanced the claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

### Point III

Point III combines several claims of failure to investigate, including counsel's alleged failure to investigate Movant's wife as a witness on Movant's theory that methamphetamine entered his body without his knowledge via some manner of osmosis. The motion court ruled, and we agree, that Movant's guilty plea waived this complaint. *See Hughes v. State,* 204 S.W.3d 376, 380 (Mo.App.2006).[5]

Movant claims his attorney also failed to investigate Movant's competency at the guilty plea, and Movant's wife and mother as potential witnesses about Movant's mental history and status. The motion court disposed of these claims as follows:
> Nothing in the record supports Movant's unsubstantiated claim that his various mental problems amounted to a level where he was unable to understand the charges against him and make a voluntary plea to them. In fact, the transcripts of his numerous appearances in court show someone who was very aware of what he was charged with and what he was doing....
>
> Likewise, the testimony offered at the hearing from Movant's mother about his alleged brain damage from the same automobile accident resulting in this

---

[5] Thus we need not review the court's equally proper alternative grounds for rejecting this claim. But given Movant's maligning of his counsel, we note the record shows counsel checked Movant's theory with a toxicologist-who would not support it-before rejecting this strategy and thus Ms. Berry as a witness.

prosecution showed that Jason Tilley was not ineffective for failing to use her as a witness. Her testimony added nothing to Movant's defense. Her testimony failed to show Movant currently suffers significant brain damage so as to prevent him from assisting his lawyer in his own defense. In fact, Movant's own testimony at the hearing refuted any claim that his brain damage, if any, prevents him from understanding the proceedings against him or assisting in his own defense. Although this court believes Movant was lying during much of his testimony, his demeanor, his tone of speech, his eloquence and his choice of words all belie any claim of significant brain damage.

Specifically turning to the guilty plea hearing, the court further noted:
At the time of his plea, Movant denied being under the influence of drugs to the point he did not understand what he was doing. His lawyer, Jason Tilley, confirmed at the time of the guilty plea that Movant showed no sign that he lacked the capacity to proceed. In fact, Tilley noted at the time of the plea that Movant was "as lucid as I've ever seen him." Tilley also testified at the evidentiary hearing on this matter that he saw no signs of any sleep deprivation or other indications that his client did not understand what he was saying and doing at the time of the plea.

We have reviewed the record. Movant's responses to the court, his attorney, and the prosecutor demonstrate he understood what was happening at his guilty plea. Absent some suggestion of mental instability, defense counsel has no duty to initiate an investigation of his client's mental condition. *State v. Powell,* 793 S.W.2d 505, 509 (Mo.App.1990). No investigation is indicated where, as here, Movant clearly could consult rationally with his attorney and understand the court proceedings against him. *Id. See also Clayton v. State,* 63 S.W.3d 201, 209 (Mo. banc 2001). We deny Point III and affirm the judgment.

(Resp. Exh. E, PP. 6-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. As stated above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for failing to investigate Petitioner's alleged incompetency, and to investigate Charlotte and Amy Berry as potential witnesses, the Court finds Petitioner fails both prongs of the Strickland test. First, the Court finds Petitioner fails to demonstrate his attorney's performance was constitutionally deficient; rather, in his Petition to Enter Plea of Guilty, Petitioner stated that his attorney had counseled and advised him on the nature of each charge and the applicable range of punishment, that his attorney had done all that anyone could to assist him, and that Petitioner was satisfied with his attorney's services. (Resp. Exh. C, PP. 18-20). Petitioner reiterated his satisfaction with his attorney's performance during his guilty plea proceeding. (Resp. Exh. D, PP. 207-208).

The Court further finds that with his claim in Ground 3, Petitioner cannot demonstrate the requisite prejudice. Specifically, the Court notes that during his guilty plea proceeding, Petitioner testified that he committed the acts underlying the charges of involuntary manslaughter and assault in the second degree, and that he was pleading guilty to those charges because he was guilty. (Resp. Exh. D, PP. 208-212).[6] In the instant petition, Petitioner offers no evidence tending to demonstrate that he was not guilty of the charges, or that absent his counsel's allegedly deficient performance, he would have proceeded to trial on the charges. This Court thus finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[6] The Eighth Circuit has held that, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d at 157 (internal quotations and citation omitted).

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>21st</u> day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE